UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RONALD E. PECK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 13-0073 (RJL) |
| ) | |
| SELEX SYSTEMS INTEGRATION, ) | |
| INC. and SELEX SISTEMI ) | |
| INTEGRATI, INC. KEY ) | |
| EMPLOYEE DEFERRED ) | |
| COMPENSATION PLAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

March 25, 2021 [Dkt. #83, #93]

Plaintiff Ronald E. Peck ("plaintiff" or "Peck") filed this action alleging breaches of state law and the Employee Retirement Income Security Act ("ERISA") by defendants SELEX Systems Integration, Inc. and SELEX Sistemi Integrati, Inc. Key Employee Deferred Compensation Plan (together, "defendants" or "Selex"), and seeking payment of employee benefits and other compensation. After prevailing on his ERISA claim, plaintiff moved to recover attorney fees related to that claim. Mot. for Attys. Fees [Dkt. # 83]. I referred this case to a magistrate judge to make a report and recommendation on plaintiff's motion. Plaintiff thereafter filed a supplemental request for additional attorney fees related to the pending fee petition. Supp. Req. [Dkt. # 90]. On November 16, 2020, Magistrate Judge Meriweather issued a Report and Recommendation (the "R&R") recommending that

I grant plaintiff's motion and award plaintiff $383,778.80 in attorney fees related to his ERISA claim and $38,126.03 related to this fee petition, for a total fee award of $421,904.83. Defendants objected to this Report and Recommendation on November 30, 2020. Defs. Obj. [Dkt. # 94]. Upon consideration of the R&R, the parties' briefing, and the applicable case law and legal standards, the Court ADOPTS IN PART the Report and Recommendation [Dkt. #93], and OVERRULES IN PART Defendants' Objections to the Report and Recommendation [Dkt. #94].

## BACKGROUND

Defendant Selex is a company based in Overland Park, Kansas, that manufactures aviation navigation, landing, and surveillance systems. 03/24/16 Mem. Op. at 2; 06/02/17 Trial Tr. at 43:15-25 [Dkt. # 62]. Plaintiff Ronald Peck is an engineer who worked for Selex in both its Kansas and Washington, D.C. offices from 1997 until 2012. 03/24/16 Mem. Op. at 2; 06/01/17 Trial Tr. at 64:13-17, 94:21-95:5 [Dkt. # 61]. In September 2012, Selex terminated Peck, Selex's then-Vice President of Business Development, after he declined to return to the Overland Park, Kansas office to serve as the Vice President of Quality Control and Business Improvement. Pl.'s Trial Ex. 18, 10/01/12 Letter from Selex to Peck ("Termination Letter"). Although Peck was an at-will employee, termination for cause meant that Peck might not be eligible for certain employee benefits including severance pay and deferred compensation under the Plan. Amend. Compl. ¶¶ 40-41.

After his termination, Peck sued Selex for benefits he alleges he accrued during his employment but was denied. As detailed in the R&R, as relevant to this action, Peck

ultimately prevailed on his ERISA claim, and now seeks attorney fees related to both that claim and his pending fee petition.

On November 16, 2020, Magistrate Judge Meriweather issued the R&R recommending that I grant plaintiff's motion and award plaintiff $383,778.80 in attorney fees related to his ERISA claim and $38,126.03 related to this fee petition, for a total fee award of $421,904.83. Defendants objected to this Report and Recommendation on November 30, 2020. Defs. Obj. [Dkt. # 94].

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's recommendations, the Court reviews *de novo* the portion of the report to which the party has objected. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c); *Smith v. District of Columbia,* 846 F.Supp.2d 197, 198–99 (D.D.C.2012); *D.D. ex rel. Davis v. District of Columbia,* 470 F.Supp.2d 1, 1–3 (D.D.C.2007). The Court may "accept, reject, or modify" the Magistrate Judge's recommendations. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c).

## ANALYSIS

Magistrate Judge Meriweather recommended that the Court order attorney fees in the amount of $421,904.83. She found that Peck achieved the requisite success on the merits of his ERISA claim to render him eligible for attorney fees under 29 U.S.C. § 1132(g)(1), and that the *Hummell* factors demonstrate that Peck is entitled to reasonable attorney fees. I agree. Specifically, Selex's ability to satisfy an award, the deterrent effect of awarding attorney fees in this case, the common benefit conferred on future plaintiffs

who may seek ERISA claims, and the relative merits of the parties' positions all weigh in favor of a reasonable attorney fee award in this case.

Defendants object to Magistrate Judge Meriweather's application of the *Hummell* factors, and also argue that the *Hummell* factors do not support an award of attorney fees in this case. As set forth above, I disagree, and agree instead with Magistrate Judge Meriweather's conclusion that the last four *Hummell* factors weigh in plaintiff's favor and, together, in favor of awarding attorney fees in this case.

Defendants further object that the amount of attorney fees recommended by Magistrate Judge Meriweather is exorbitant and unreasonable, arguing that a mere 10% reduction of the fees sought would be insufficient. I adopt and agree with Magistrate Judge Meriweather's analysis of the reasonableness of the fees sought, but I agree with defendants that the amount recommended in the R&R—amounting to 90% of the total fees sought by plaintiff—is too high. In light of the considerable overlap in attorney hours billed to ERISA work and work on other claims, as well as the vague, unreasonable, and inefficient billing entries identified by Magistrate Judge Meriweather, I find that a further 10% reduction of the total fee hours sought would be reasonable. Having independently reviewed plaintiff's counsel's claimed hours, I find that an award totaling 80% of the fees sought sufficiently compensates plaintiff's counsel and accounts for potentially overlapping hours spent on non-compensable claims and any vague, unreasonable, or inefficient billing entries. Therefore, I hereby GRANT Plaintiff's Motion for Attorney's Fees and Plaintiff's Supplemental Motion for Attorney's Fees and award plaintiff

$344,504.55 in attorney fees related to his ERISA claim and $33,889.80 in attorney fees related to this fee petition, for a total award of $378,394.35.

## CONCLUSION

Upon consideration of Magistrate Judge Meriweather's R & R, the parties' briefing, and the applicable case law and legal standards, the Court adopts Magistrate Judge Meriweather's Report and Recommendation awarding plaintiff attorney fees, except that this Court agrees with defendants that the total amount of fees recommended is not reasonable, and therefore awards plaintiff a total of $378,394.35. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge